1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

WILLIAM S. CALLAWAY, on behalf of himself and all others similarly situated,

               Plaintiff,

    v.

MERCEDES-BENZ USA, LLC,

Defendant.

**Case No. 14-CV-02011 JVS**

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

WHEREAS, on or about December 18, 2014, Plaintiff William S. Callaway ("Plaintiff") filed a proposed class action against Defendant Mercedes-Benz USA, LLC ("Defendant" or "MBUSA");

WHEREAS, on or about June 8, 2015, Plaintiff filed the operative Second Amended Complaint ("SAC") in this action;

WHEREAS, on or about July 26, 2017, Plaintiff, on behalf of himself and a proposed nationwide class, on the one hand, and Defendant, on the other hand, reached a proposed Settlement of the claims at issue in this action (the "Settlement");

WHEREAS, on or about September 18, 2017, the Court entered its Order Preliminary Approving the Settlement, certifying the proposed class for settlement purposes only (the "Settlement Class"), appointing Class Counsel and the Claims Administrator, and preliminary approving and directing Notice of Settlement to the Class (including notice of the proposed Settlement and a final fairness hearing thereon, as well as instructions on how to submit a claim, request exclusion from the Settlement Class and object to the proposed Settlement);

WHEREAS, notice to the Settlement Class was subsequently made pursuant to the Court's direction, along with notice to the appropriate regulators pursuant to 28 U.S.C. § 1715;

WHEREAS, on or about October 18, 2017, Plaintiff and Class Counsel filed a Motion for Attorneys' Fees, Costs and an Incentive Award;

WHEREAS, four individuals, Joy A. Douglas, Jagdeo Harripersaud, Tenika-Holden-Flynn and Mattie Herd, filed objections to the Settlement and/or Motion for Attorneys' Fees, Costs and an Incentive Award:

WHEREAS, on or about February 12, 2018, Plaintiff filed a Motion for Final Approval of the Settlement;

WHEREAS on about March 5, 2018, the Court held a final fairness hearing on the proposed Settlement, the Motion for Attorneys' Fees, Costs and an Incentive Award and the Objections thereto;

NOW, THEREFORE, based upon the Settlement and all of the filings, records and proceedings herein, and the arguments of counsel at the final fairness hearing, and it appearing to the Court upon examination that the Settlement is fair, reasonable and adequate, that the Notice provided to the Settlement Class complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process and constituted the best notice practicable under the circumstances and the requested award of attorneys' fees, costs and an incentive award are fair, reasonable and appropriate;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.    For purposes of this Order, the Court adopts and incorporates herein by reference all defined terms set forth in the Settlement Agreement.  All capitalized terms herein have the definitions set forth in the Settlement Agreement unless otherwise indicated.

2.    The Court has jurisdiction over the subject matter of this action, the Settling Parties and all members of the Settlement Class.

### Final Approval of the Settlement

3.    The Settlement Class includes "All current and former owners and lessees of Mercedes-Benz model year 2000-2007 M-Class, model year 2006-2007 R-Class, and model year 2007 GL-Class vehicles with original-equipment seat heaters (the "Subject Vehicles") who purchased or leased their Subject Vehicles in the United States."  Excluded from the Settlement Class are: (a) Persons who have settled with, released, or otherwise had claims adjudicated on the merits against MBUSA that are substantially similar to those alleged in this matter; (b) Former owners and lessees

whose SUV Class Vehicle did not experience a seat heater malfunction during the time they owned or leased their Subject Vehicle; (c) Employees of MBUSA; (d) Insurers or other providers of extended service contracts or warranties for the vehicles owned by Settlement Class Members; and (e) The Honorable James V. Selna and the Honorable Douglas F. McCormick, and members of their respective families.

4.     The individuals identified on Exhibit A attached hereto are excluded from the Settlement Class because they filed timely requests for exclusion.

5.     The Court has appointed Jason M. Frank and Scott H. Sims of Frank Sims & Stolper LLP, Eric F. Yuhl and Colin A. Yuhl of Yuhl Carr LLP, and Patrick M. McNicholas of McNicholas & McNicholas LLP to serve as Class Counsel.

6.     The Court has appointed Plaintiff William S. Callaway to serve as the Class Representative.

7.     The Court has appointed Epiq Systems Class Action and Claims Solutions as the Class Administrator.

8.     The Court finds the Settlement Agreement was the product of serious, informed, non-collusive negotiations conducted at arms' length by the Parties with the assistance of an experienced mediator, the Honorable Layn Phillips (Ret).  In making this finding, the Court considered the nature of the claims, the amounts and kinds of benefits provided in the Settlement, the allocation of Settlement benefits among the Class members, and the facts that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial and avoids the usual difficulties of complex litigation including the various delays and time consuming appeals that may impede any potential recovery by the Class, if any.  The Court also considered the fact that the parties engaged in four mediation sessions with Judge Phillips (Ret.) to reach the Settlement.  The Court further finds that the terms of the Settlement do not have any obvious deficiencies and do not improperly grant preferential treatment to any individual Class member.

9.    The Court finds that the Settlement satisfies Rule 23 of the Federal Rules of Civil Procedure.

a.    There are approximately 270,000 Subject Vehicles covered by the Settlement and the Settlement Class is even larger because it includes some former owners.  Thus, the Court finds the Rule 23(a)'s numerosity requirement is satisfied.

b.    The Court finds that there are questions of law or fact common to the Settlement Class and that Rule 23(a)'s commonality requirement is satisfied. Questions common to the Settlement Class include: (1) "Does the seat heater defect exist in the Subject Vehicles?"; (2) "Was [Mercedes] aware that the seat heaters in the Subject Vehicles were malfunctioning?"; (3) "Would the seat heater problem be considered important to a 'reasonable consumer' when determining whether to purchase an SUV Class Vehicle and pay the offered price?"; (4) "Does the seat heater problem present an unreasonable safety risk that needed to be disclosed at the time of sale?"; and (5) "Did [Mercedes] have a legal duty to disclose the alleged safety defect?"

c.    The Court finds that Plaintiff's claims are typical of the claims of the other Class Members and Rule 23(a)'s typicality requirement is satisfied. Plaintiff contends that, like all of the other Class Members, he "purchased an SUV Class Vehicle with the alleged seat heater defect," and "[Mercedes] did not disclose the problem with the seat heater to [him]." (Callaway Decl., Docket No. 168-1 at 2.) Thus, Callaway has demonstrated that his claims are typical of the claims of Settlement Class members.

d.    The Court finds that Plaintiff and Class Counsel fairly and adequately protected the interest of the Settlement Class in satisfaction of Rule 23(a)'s adequacy requirement.  Plaintiff has no interests antagonistic to those of other Class Members and has retained counsel experienced in class actions.

e.      The Court finds that Plaintiff has satisfied Rule 23(b)(3).  There are significant common issues that predominate over individual issues in this case and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.   The Court has reviewed the laws of the 50 states which would be applicable to the various Settlement Class members and finds that the variations in each state's consumer protection statutes and common law do not overwhelm the common issues that predominate in this case, including the questions of (1) whether the alleged design defect exists in the Subject Vehicles, (2) whether Mercedes was aware of the alleged defect, (3) whether the defect would be considered material to a reasonable consumer's decision to purchase the Subject Vehicle and pay the offered price; and (4) whether the defect presents the type of unreasonable safety risk that a seller would have a duty to disclose at the time of sale.  There is a common nucleus of facts and potential remedies that dominate this litigation.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998).   While class members may possess different remedies under their respective state's statute or common law, these variations alone do not defeat predominance under Rule 23(b)(3).  Id.  Further, while variations in state law may present intractable manageability problems that defeat class certification in a trial setting, such manageability concerns "drop out of the predominance analysis" in the context of a class action settlement because "the proposal is that there be no trial." Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 620 (1997); Hanlon, 150 F.3d at 1022; see also In re Am. Int'l Grp., Inc. Sec. Litig., 689 F.3d 229, 241 (2d Cir. 2012) ("In the context of a settlement class, concerns about whether individual issues would create 'intractable management problems' at trial drop out of the predominance analysis because 'the proposal is that there be no trial'").   Individual claims based on personal injury and wrongful death were excluded from the Class.   Thus, as the Ninth Circuit held in Hanlon when evaluating a nationwide class action settlement involving an undisclosed automobile design defect, "the idiosyncratic differences between state

consumer protection laws are not sufficiently substantive to predominate over the shared claims." 150 F.3d at 1022-23. Consequently, because the shared common issues present a "significant aspect" of the case and a single adjudication of these common questions is superior to individual lawsuits, the Court finds that Rule 23(b)(3)'s predominance and superiority requirements are satisfied.

10.    For the reasons stated herein and on the record at the March 5, 2018 Final Fairness Hearing, the Court finds the Settlement is fair, reasonable and adequate.

11.    Under the Settlement, Mercedes was required to develop a new procedure to proactively fix the alleged defect in the seat heater so the overheating issues would not occur in the future (the "bypass wire repair procedure"). Class members who currently own or lease the Subject Vehicles had the option of receiving this bypass wire repair procedure for free at any Mercedes dealership (subject to Mercedes' standard 2-year parts warranty). Alternatively, these Class members will automatically receive a 2-year extended warranty on their seat heater, subject to certain mileage limitations. In addition, current and former owners and lessees of the Subject Vehicle who previously paid for seat heater repairs could submit a claim for reimbursement up to $1,000 per repair – which according to the Parties was the outer limit of the repair costs at Mercedes dealerships during the Class Period. Mercedes also agreed to separately pay for any notice and claims administration costs, and any attorneys' fees, costs and incentive award approved by the Court, so long as the fees did not exceed $5,662,387.50, the costs did not exceed $584,085.21 and the incentive award did not exceed $10,000. Mercedes agreed the payment of these amounts will not reduce the total benefits available to the Class. In exchange, Class members who did not opt out of the Settlement will release claims against Mercedes and its related entities which are "on account of or related to claims that the seat heaters in the Subject Vehicles are inadequate or of poor or insufficient quality or defective, due to wear or otherwise, which were alleged or could have been alleged as to the Subject Vehicles

1  in the Litigation or similar actions."  The release excludes claims for personal injury
2  and wrongful death.

3        12.    The Court finds this to be a fair, reasonable and adequate resolution of
4  this controversy for all Class members with no obvious deficiencies.  This was a case
5  about Mercedes allegedly forcing its customers to unknowingly incur an unpreventable
6  and undisclosed safety risk with its seat heaters.   As a result of this Settlement,
7  Mercedes was required to notify its customers about the alleged seat heater issue,
8  create a proactive "fix" for the problem so Class members could submit a claim for
9  this free repair and avoid the risk of a seat heater malfunction in the future, provide
10  reimbursement for past repairs and provide extended warranties to protect consumers
11  from future economic harm.

12        13.    The Settlement was the product of serious, informed, nonconclusive
13  negotiations.   The parties reached the proposed Settlement after four mediation
14  sessions with Judge Phillips and numerous in-person and telephonic meetings among
15  counsel.  The Settlement is well informed given that (a) Plaintiff's Motion for Class
16  Certification is fully briefed; (b) both Parties' experts were deposed; (c) Daubert
17  motions regarding those experts were fully briefed; (d) Mercedes moved for summary
18  judgment which was denied as to Plaintiff; and (e) fact discovery – which included
19  extensive written and deposition discovery – is closed.

20        14.    The extensive mediation process demonstrates to the Court that the
21  proposed settlement is the product of serious, informed and non-collusive negotiations.
22  While the Settlement agreement contains a "clear sailing" arrangement providing for
23  the payment of attorney's fees separate from class funds without objection by
24  Mercedes, the Court finds that the procedure used to determine the fees in the "clear
25  sailing" provision eliminates any concerns of collusion.  Specifically, the parties did
26  not negotiate fees and costs until after all material terms of the Settlement for the Class
27  were reached.  Thereafter, the parties were unable to agree on the amount of fees and
28

costs for the clear sailing provision.  Consequently, the parties stipulated that Judge Phillips would decide these amounts through a contested evidentiary hearing, and the parties would agree that these amounts would be used for the clear sailing provision regardless of the outcome of Judge Phillips' decision, with the understanding that this Court would ultimately determine the propriety of the fee request.  Moreover, there is no reversionary or "kicker provision" in the Settlement; Mercedes is required to separately pay any fees and costs awarded by the Court and such payments will not in any way reduce the benefits available to the Class.  Therefore, despite the presence of a clear sailing provision, the Court is satisfied that Plaintiff and Mercedes did not colluded to confer benefits on each other at the expense of Class members.

15.    The Court finds that the reaction of the Class to the Settlement further supports final approval of the Settlement.  Out of approximately 270,000 Class members, only 4 individuals objected to the Settlement, and 41 members opted out of the Settlement.  As a result of this Settlement, approximately 265,000 Class members will be receiving the extended warranty, there have been 5,138 claims for the bypass wire repair procedure, and 1,215 claims for reimbursement for past repairs.

**Final Approval of Notice Plan**

16.    The Court finds that the notice given to the Class was the best notice practicable under the circumstances of this case, and that the notice complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

17.    The notice given by the Class Administrator constituted due and sufficient notice to the Settlement Class, and adequately informed members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement and how to object to the Settlement.

18.     The Court has considered and rejected the objection of Mattie Herd to the adequacy of the notice plan.  The notice given provided ample information regarding the case.  Class members also had the ability to seek additional information from the settlement website, from Class Counsel or from the Class Administrator.

## **Award of Attorneys' Fees and Costs**

19.     The Court hereby awards Class Counsel $5,662,387.50 in attorneys' fees. The Court finds this amount is fair and reasonable given the results achieved, the risks of litigation, the skill and experience of the attorneys, the contingent nature of the fee, the complexity and novelty of the issues presented, the amount of fee awards in similar cases and the fact that this recovery will not in any way reduce the benefits available to the Settlement Class.

20.     The Court finds that the requested attorneys' fees are supported by the both the lodestar method and percentage of benefit method to determine appropriate fee awards.

21.     The Court finds that Class Counsel's rates are fair and reasonable and commensurate with the prevailing market rates in Orange County and the Central District of California for this type of case and for similar services by lawyers of reasonably comparable skill, experience and reputation.  Those rates include $900 (Jason Frank), $850 (Scott Sims), $1,000 (Eric Yuhl), $600 (Colin Yuhl) and Patrick McNicholas ($1,000).  The Court overrules the objection of Mattie Herd to these rates because the Court does not believe the *Laffey* matrix is indicative of rates in the Central District of California for lawyers with reasonably comparable skill, experience and reputation of Class Counsel.

22.     The Court finds that a lodestar multiplier is appropriate under the circumstances of this case.  In making this determination the Court has concluded the following:

a.      Class Counsel took this case on a full contingency, and in doing so expected a risk enhancement if they prevailed.

b.      Class Counsel's hourly rates are commensurate with market rates for hourly defense counsel of their experience, are reasonable based upon their experience and skill level, and do not reflect the risk associated with this being a contingency case.

c.      This case was very risky for Class Counsel.  Class Counsel faced numerous legal and factual obstacles, and the National Highway Transportation Safety Board had previously closed two preliminary investigations related to the alleged seat heater defect without further action.

23.    The Court has reviewed the timesheets submitted by Class Counsel.  The Court finds that the hours billed therein were reasonable and the descriptions sufficiently detailed.   The Court determines Class Counsel's lodestar to be approximately $3,803,029.80 through final approval (without any multiplier).  The approved fee award will result in a lodestar multiplier of approximately 1.49, which the Court finds is fair and reasonable under the circumstances.

24.    Based on the Declaration of Greg Pinsonneault, the total value of the Settlement benefits made available to the Class is over $85,654,000.   Thus, Class Counsel's fee request is not disproportionate to the benefits made available to the Class under the Settlement and is under the 25% benchmark.

25.    The Court hereby grants Class Counsel's request for costs and expenses in the amount of $584,085.21, which the Court finds were reasonable and necessarily incurred in prosecuting this litigation to its conclusion.

**Incentive Award**

26.    The Court approves an incentive award of $10,000 to Plaintiff William Callaway as the Class Representative.  Plaintiff has spent significant time and effort assisting Class Counsel in this action notwithstanding the fact that he would otherwise

be entitled to only the benefits that are enjoyed by the rest of the Settlement Class. The Court has also considered the fact that Plaintiff lost the use of his vehicle as a result of this lawsuit for approximately three years. The Court, accordingly, finds that a $10,000 incentive award is fair and reasonable under the circumstances.

## **Objections**

27.     The Court has reviewed all four (4) objections to the Settlement.

28.     The Court overrules objection of Joy Douglass based on its finding that the Settlement is fair adequate and reasonable. Settlement is the very essence of compromise.

29.     The Court overrules the objection of Jagdeo Harripersaud. The objection does not provide any legal or factual basis for it, or any substantive information on which the court can evaluate her concerns.

30.     The Court overrules the objection of Tenika Holden-Flynn. Flynn has not provided sufficient information to determine if she is a member of the class. But assuming she is, she does not provide a legal or factual basis for her objection, or any substantive basis upon which the court can evaluate her concerns.

31.     The Court overrules the objection Mattie Herd. As noted above, the class notice satisfied due process and Rule 23. If Herd desired additional information to evaluate the Settlement, she had ample opportunity to obtain such information by contacting Class Counsel or the Class Administrator, or by reading the pleadings on the Settlement Website (such as the Motion for Preliminary Approval, the Court's Preliminary Approval Order and Plaintiffs' Motion for Attorneys' Fees, all of which contained information related to the class size and value of the Settlement.). Herd's objections to the Settlement's benefits are also overruled. Settlement is the very essence of compromise, and the Court finds the benefits provided by the settlement are fair, reasonable and adequate. The Court also overrules Herd's objection to Class Counsel's hourly rates, which as noted above, the Court finds to be commensurate with

the prevailing market rates in Orange County and the Central District of California for this type of case and for similar services by lawyers of reasonably comparable skill, experience and reputation.

## **Dismissal and Retention of Jurisdiction**

32.     Upon the Effective Date of this Settlement, this Action and all of the Released Claims are dismissed with prejudice.

33.     Upon the Effective Date of this Settlement, Plaintiff and the members of the Settlement Class, on behalf of themselves and each of the Releasing Parties, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever waived, released, relinquished, and discharged all Released Claims against Defendant and the Released Parties, regardless of whether such Settlement Class member submitted a claim or cashes a settlement check.

34.     All Settlement Class Members who have not made their objections to the Settlement in the manner provided in the Notice of Settlement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

35.     All Settlement Class Members who failed to properly file requests to be excluded from the Settlement Class by the exclusion deadline are bound by the terms and conditions of the Settlement and this Final Judgment and release and forever discharge the Released Parties from all Released Claims.  As noted above, the individuals who timely requested exclusion from the Settlement Class are identified in Exhibit A to this Order.

36.     The Court retains jurisdiction over the Settling Parties, the members of the Settlement Class, and this Action, only with respect to matters arising out of, or in connection with, the Settlement, and may issue such orders as may be necessary to implement the terms of the Settlement.

37.     In the event that the Settlement is terminated in accordance with its terms, (a) this Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and (b) this Action shall proceed as provided in the Settlement.

38.     There is no just reason for delay, and this is a final, appealable order as of the date when it is stamped as received for filing.

39.     Final judgment shall be entered herein.


**IT IS SO ORDERED.**


Dated: March 08, 2018

_____
Hon. James V. Selna
United States District Judge

GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD